**Concurring and Dissenting Opinion Filed December 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00456-CV

**RETURN LEE TO LEE PARK, ET AL., Appellants**
**V.**
**MIKE RAWLINGS, ET AL., Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05460**

## CONCURRING AND DISSENTING OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Concurring and Dissenting Opinion by Justice Whitehill

I concur in the majority opinion except for its part III (A) regarding appellants' standing to assert their Antiquities Code claims. I similarly dissent from the Court's judgment. I write separately for three reasons:

One, the majority opinion improperly conflates its merits based conclusion that appellants cannot meet the statutory elements for relief under the Antiquities Code with whether the legislature granted them standing to assert their statutory interpretation claim for judicial determination in the first instance.

Two, the majority opinion is substantively wrong on that statutory construction issue because it misses contrary statutory text.

Three, the majority opinion's disposition and resulting judgment leave intact a legally impossible trial court judgment.

## I.    Antiquities Code Standing

Whether a party has standing to assert a claim is, with rare exception not present here, distinct from whether that claim has substantive merit.[1] The distinction is fundamental and critical. Dismissal for lack of standing ordinarily does not decide the claim on its substantive merit. Thus, that decision does not have res judicata or collateral estoppel effects on the claim's merits. But a summary judgment claim dismissal is merits based and has those preclusive effects. Accordingly, these procedures are not interchangeable. Otherwise, every summary judgment, Rule 91a dismissal, or other merits based claim dismissal would simultaneously be a non-merits decision that the claimant lacked standing to assert the claim in the first place.

In this case, appellants sought to prevent appellees from removing the Confederate Monument without first obtaining Texas Historical Commission

---

[1] The majority opinion at footnote five cites a string of cases for the premise that a plea to the jurisdiction may require the consideration of evidence. *See, e.g.*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). That premise, although correct where jurisdictional facts are disputed, does not apply here where the standing facts are undisputed. The only relevant standing fact under § 191.173 is that the plaintiff is a Texas citizen. Because appellants' Texas citizenship is not disputed, the majority opinion's cases do not apply in this instance.

approval to do so.[2]  Appellants' theory was straightforward based on three statutes in the Texas Antiquities Code, which is part of the Texas Natural Resources Code:

One, the Monument is a landmark as defined by § 191.092(a);

Two, § 191.093 prohibits the removal of § 191.092(a) landmarks without prior Historical Commission approval; and

Three, § 191.173 grants Texas citizens the right to sue to enforce the Antiquities Code, including §§ 191.092(a) and 191.093, by suing to enjoin an unlawful removal or to force the return of an illegally removed object.  TEX. NAT. RES. CODE §§ 191.092(a), 191.093, 191.173.

Here, it is undisputed that (i) appellants are Texas citizens and (ii) appellees did not obtain prior Historical Commission approval before voting to remove the Monument.  Therefore, the remaining contested issue was whether the Monument is a § 191.092(a) landmark.  Deciding that question required the trial court, and this Court, to interpret § 191.092(a)'s plain text.  That is, whether the Monument is a landmark entitled to § 191.093 protection is a substantive merits, statutory construction question of the type that is daily bread for courts to decide.  (This dissent addresses those merits in the next section.)

Furthermore, it follows from § 191.173's plain text that the legislature gave appellants, as Texas citizens, statutory standing to sue appellees based on appellants'

---

[2] Although this discussion addresses only the Confederate Monument, the same analysis applies to the Lee Statue.

claim that the Monument is a protected landmark. Stated differently, the legislature granted appellants the § 191.173 statutory standing right to ask the courts to decide whether §§ 191.092(a) and 191.093 protect the Monument as a landmark. Nothing in the statutory text hints otherwise.

Accepting the majority opinion's premise as correct would result in a summary judgment dismissing a negligence claim for lack of proximate cause evidence also acting as a simultaneous dismissal for lack of standing to assert the negligence claim in the first place.

Thus, as a matter of law the trial court erred to the extent it dismissed appellants' Antiquities Code claims for lack of standing; we should correct that error and decide that issue on the merits in the context of appellees' summary judgment motion.

## II. Antiquities Code Summary Judgment

The trial court reversibly erred to the extent it ruled as a matter of law that the Monument is not entitled to § 191.093 protection because the Historical Commission had not previously designated the Monument as a landmark. That would be error because §§ 191.092(a) and 191.093 don't require prior landmark designation to qualify for protection of this object on public land.

To start, § 191.093 provides protection for "landmarks":

Landmarks under Section 191.091 or 191.092 of this code are the sole property of the State of Texas and may not be removed, altered, damaged, destroyed, salvaged, or excavated without a contract with or permit from the committee.

NAT. RES. CODE § 191.093. Note that the only prerequisite for protection under this statute is that the object be a landmark: there is no requirement that the object be previously designated a landmark. Simply meeting the statutory "landmark" definition in either §§ 191.019 or 191.092 is enough.

Next, § 191.092(a) defines what is a landmark subject to protection and provides that landmarks may be designated as such:

> (a) Sites, objects, buildings, artifacts, implements, and locations of historical, archeological, scientific, or educational interest, . . . that are located in, on, or under the surface of any land belonging to the State of Texas or to any county, city, or political subdivision of the state are state archeological landmarks and are eligible for designation.

*Id*. § 191.092(a). The Monument is beyond peradventure an object on public land. And appellees don't dispute that the Monument has historical interest. Therefore, it is a § 191.092(a) landmark.

Appellees, however, argued that the Monument must be formally designated a landmark before § 191.093 protects it. Appellants countered that objects of historical interest, like the Monument, are protected landmarks regardless of whether they have been designated as such.

As a matter of statutory construction, appellees' argument fails, and the trial court erred in accepting it, because the statutory text imposes no such "prior designation" prerequisite on this Monument located on public land. It is for the legislature to impose that prerequisite if it wants to, but we cannot do that.

So, why does § 191.092(a), like its analog in § 191.091, refer to designating landmarks as such unless that is to impose a prior designation requirement to protect them from destruction? The answer is found in §§ 191.094 and 191.095.

Section 191.094 provides for designating protected landmarks on private property:

> DESIGNATING A LANDMARK ON PRIVATE LAND. (a) Any site located on private land which is determined by majority vote of the committee to be of sufficient archeological, scientific, or historical significance to scientific study, interest, or public representation of the aboriginal or historical past of Texas may be designated a state archeological landmark by the committee.
>
> (b) No site may be designated on private land without the written consent of the landowner or landowners in recordable form sufficiently describing the site so that it may be located on the ground.
>
> (c) On designation, the consent of the landowner shall be recorded in the deed records of the county in which the land is located.

*Id.* § 191.094.

Section 191.095 further shows that landmark designation is required to protect landmarks on private land—but that such prior designation is not required to protect them on public land, like Dallas's Pioneer Park:

> All sites or items of archeological, scientific, or historical interest located on private land in the State of Texas in areas designated as landmarks, as provided in Section 191.094 of this code, and landmarks under Section 191.092 of this code, may not be taken, altered, damaged, destroyed, salvaged, or excavated without a permit from the committee or in violation of the terms of the permit.

*Id.* § 191.095. This statute's plain text distinguishes between landmarks on private land that must be designated as landmarks before the needed permit to alter, et seq.

applies; but no such prior designation is required for landmarks on public land before the protective permit must be obtained.

Reading the Antiquities Code, and particularly §§ 191.091–191.095, together—as we must—means that the trial court erred as a matter of law to the extent it ruled that appellants lost on the merits because there was no prior landmark designation of the Monument, which is located on public land. This Court should correct such an error.

### III.    Faulty Judgments

We don't know if the trial court's Antiquities Code claim dismissal was for lack of standing or on the merits. The trial court's judgment doesn't say which. But it had to be one or the other; it could not be both. If the trial court determined that appellants lack standing, it lacked the power to rule on the merits. On the other hand, the trial court had to determine that appellants have standing if it granted appellees' summary judgment motion. Thus, the two different outcomes are incompatible. The trial court had to pick one or the other. As mentioned in the beginning of this dissent, the problem is not trivial or merely academic. The distinction has real world consequences.

The majority opinion compounds the problem by ignoring it and affirming the trial court judgment as written. The majority opinion needs to pick a path and follow it. I dissent because it doesn't do that.

## IV. Conclusion

I express no opinion on whether removing the Monument is good policy. That is not the Court's job nor mine. Rather, I write to address legal errors in the majority opinion. However, the legal standard for citizen challenges to governmental decisions regarding the removal, destruction, or alteration of historical sites, artifacts, and objects is a matter of current and growing public concern. The supreme court should take this opportunity to provide its guidance on these issues.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

190456DF.P05